## 21329

**In the Matter of Barry BAZEN, a Minor Under the Age of Seventeen (17) Years, Appellant.**

(272 S. E. (2d) 178)

*Staff Atty. Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Sally G. Young,* Columbia, and *Sol. Jim Dunn* and *Asst. Sol. W. Sherwyn Jacobs,* Georgetown, *for respondent.*

November 14, 1980.

HARWELL, Justice:

Barry Bazen appeals his conviction for possession of marijuana alleging that his Fourth Amendment rights under the United States Constitution were violated and that the trial court erred by not suppressing the evidence from the search. We affirm the trial court.

On the night of April 20, 1979, the Georgetown County Sheriff's Department responded to a complaint of loud music from the Bazen residence. At trial the deputy testified that as he drove into the driveway, the headlights on his vehicle shone through the open doorway of the residence garage. Several young men ran from the garage as he approached and presumably disappeared. The deputy walked to the back of the house. Appellant then appeared from the rear of the house and without comment entered the open garage. The deputy followed appellant and stated that he smelled smoke which he felt was from marijuana as he entered the garage. With probable cause to believe a misdemeanor was being committed in his presence, the deputy conducted a search of appellant. Appellant emptied his pockets of substances found to constitute 3.17 grams of marijuana.

Appellant admits that if the deputy lawfully entered the garage where he detected the odor of marijuana and where he confronted appellant his seizure of the contraband from appellant upon appellant's retrieving the contraband from his pockets was lawful. The sole issue is thus whether the deputy lawfully entered the Bazen garage. Clearly, he did.

Appellant cannot seriously maintain that he had a reasonable expectation of privacy in the open garage that night. *Katz v. United States*, 389 U. S. 347, 88 S. Ct. 507, 19 L. Ed. (2d) 576 (1967). The officer had a right to approach the garage because he was investigating a disturbance and the garage was apparently the source of the activity. If the

officer was not to approach, assuming he could have properly been detained in his dutiful investigation of the disturbance, appellant had ample opportunity to in some manner demonstrate an expectation of privacy in the garage. Instead, he did nothing. *State v. Easterling,* 257 S. C. 239, 185 S. E. (2d) 366 (1971), a case relied upon by appellant, is not applicable to the facts of this case. The defendants there, unlike the appellant here, never manifested an abandonment of their reasonable expectation of privacy in the residence in question.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.